UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

J.I.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

CASE NO. C06-5674RJB

ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on the United States' Motion to Dismiss (Dkt. 7-1). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff in this case has brought a claim under the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"), alleging that, while a minor, he was sexually assaulted and abused by two ordained Roman Catholic priests serving as chaplains in the United States Army Chaplain Corps. Dkt. 1, at 1. Plaintiff first alleges that Father John Murphy ("Murphy") sexually abused Plaintiff while serving as the main Chaplain of the Catholic Church at Fort Lewis, Washington, between 1967 and 1972. *Id.*, at 3-4. Second, Plaintiff contends that Murphy subjected him to sexual abuse by other employees of the United States Department of the Army ("Army"), such as military aides and other Chaplains, including Father Reinard Beaver ("Beaver"). *Id.*, at 4.

Plaintiff alleges that Murphy and Beaver served under the control and supervision of the Army's Chaplain Corps during the alleged sexual assaults. *Id.*, at 4-5. Further, Plaintiff alleges that Murphy and Beaver used their positions as Army Chaplains to engage in a "pattern of sexual molestation and exploitation of children." *Id.*, at 4-5.

Plaintiff asserts four claims for relief. First, the Plaintiff claims that the Army acted negligently because the Army knew or should have known that Murphy and Beaver had pedophilic tendencies. *Id.*, at 6. Also, Plaintiff asserts that the Army knew or should have known that Muphy and Beaver would continue to "exploit their status and offices within the Department of Army" and the "Department of Army negligently failed to warn the families and children" of the Chaplains' sexually abusive behavior. *Id.* The Plaintiff further alleges that the Army failed to properly investigate the backgrounds of Murphy and Beaver, failed to recognize the symptoms associated with pedophilia, failed to timely adopt policies and procedures used to prevent pedophilia, and failed to take action following complaints of abuse regarding Murphy and Beaver. *Id.*, at 6-7.

Second, the Plaintiff asserts a claim for negligent infliction of emotional distress. *Id.*, at 7. He alleges that the negligent acts and omissions of the Army caused him emotional distress resulting from Murphy's and Beaver's sexual abuse. *Id.*

Third, Plaintiff alleges that the Army engaged in a plan of action "to cover up and otherwise conceal" the incidents of sexual abuse. *Id.*, at 8. Plaintiff alleges that the Army denied the abuse, reassigned or transferred abusive Chaplains, coerced victims and their families, and failed to seek out and redress victims. *Id.* Plaintiff claims that the Army's fraudulent concealment of the sexual abuse equitably estopps it from asserting a defense of limitations. *Id.*

Fourth, Plaintiff alleges that Murphy and Beaver sexually assaulted Plaintiff in violation of RCW §§ 9.68A.040, .070, and .090. *Id.* Further, Plaintiff alleges that Murphy's and Beaver's violations of the statue, known as the Sexual Exploitation of Children Act, was done with the knowledge and acquiescence of the Army. *Id.* The Plaintiff claims that he is thereby entitled to attorneys' fees and costs pursuant to RCW § 9.68A.130. *Id.*

The United States asks the Court to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 7-1, at 1. The United States has not submitted an answer, but it asserts that Plaintiff's failure to file an administrative claim within two years of the accrual of his claim pursuant to the FTCA, 28 U.S.C. § 2401(b), strips this Court of jurisdiction to hear the case. Dkt. 7-1, at 1. In the alternative, the United States asks the Court to dismiss any claim based on an alleged sexual assault because such a claim is barred by the intentional tort exception to the FTCA. *Id.*

## II. DISCUSSION

### A. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION STANDARD

Under Fed. R. Civ. P. 12(b)(1), a court will dismiss claims over which it lacks proper subject matter jurisdiction. Different standards apply to a Rule 12(b)(1) motion depending on the manner in which it is made. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). First, if the motion attacks the complaint on its face, the court must presume the allegations in the complaint are true and then analyze whether its exercise of jurisdiction is proper based on the facial allegations of the complaint. *See id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

However, if the motion makes a "factual attack" on subject matter jurisdiction, the court does not presume the factual allegation of the complaint to be true. *Id.* In a factual attack, the defendant challenges the truth of the jurisdictional facts underlying the complaint. *Id.* When considering a motion to dismiss for lack of proper subject matter jurisdiction, the court may review supplemental materials necessary to resolve jurisdictional fact issues. *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Further, where the jurisdictional question is intertwined with the merits of the case, the court will treat the motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment under Fed. R. Civ. P. 56. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such a case, the moving party should prevail on a motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to

prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Here, the challenge is a factual challenge because the Court must decide whether Plaintiff's claim accrued within the two years before the filing of his administrative claim. Whether subject matter exists depends on the resolution of a factual dispute: when Plaintiff's claims accrued. *See Wolfe*, 392 F.3d at 362. The requirement of accrual is discussed in further detail below.

**B. FEDERAL TORTS CLAIMS ACT**

*1. Statute of Limitations*

The traditional sovereign immunity of the government to tort suits is waived under the FTCA. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA is the sole and exclusive statutory waiver of sovereign immunity of the United States for actions alleging tortious conduct. *DSI Corp. v. Sec'y of Hous. & Urban Dev.*, 594 F.2d 177, 180 (9th Cir. 1979); *see also* 35A Am. Jur. 2d *Federal Tort Claims Act* § 5 (2d ed. 2007). Any waiver of that immunity must be strictly construed in favor of the United States. *See United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The Plaintiff has the burden of showing that jurisdiction is proper. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In determining whether it has jurisdiction, the court may review evidence beyond the pleadings and resolve factual disputes where necessary, so long as those factual disputes are not so intertwined with the merits that their resolution depends on the resolution of the merits of the case. *Careau Group v. United Farm Workers of Am.*, 940 F.2d 1291, 1293 (9th Cir. 1991).

The FTCA provides an express limitations period for the filing of a tort claim. 28 U.S.C. § 2401. Under the terms of the FTCA, a claimant is required to present his administrative claim to the agency within two years after the claim accrues, or the "tort claim against the United States

shall be forever barred." *Id.*, at § 2401(b). The FTCA's two-year limitations period, like other substantive or procedural restrictions on FTCA suits, is a condition on the government's waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Because it is part of the wavier of immunity, the requirement of the filing of a timely administrative claim must be strictly enforced. *Id.*, at 117-118.

*2. Accrual of a Claim Under the FTCA*

In claims brought under the FTCA, the liability of the United States is determined in accordance with state law, in the same manner and to the same extent as a private individual in like circumstances. 28 U.S.C. § 1346(b). As the incident which is the basis of this action occurred in Washington, the substantive law of Washington applies. *See Richards v. United States*, 369 U.S. 1, 11 (1961).

However, federal law determines when the claim accrued. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991). Under the FTCA, a cause of action accrues when the facts of the injury and its cause are known to the plaintiff. *Kubrick*, 444 U.S. at 123; *Herra-Diaz v. U.S. Dept. of Navy*, 845 F.2d 1534, 1537 (9th Cir. 1988). The plaintiff, when armed with facts, is not excused from failure to seek advice as to whether his legal rights have been invaded. *Kubrick*, 444 U.S. at 123. Although the FTCA statute of limitations is not tolled during infancy, *see Papa v. United States*, 281 F.3d 1004, 1011 (9th Cir. 2002), "the same rebuttable presumption of equitable tolling applicable to suits against private defendants" also applies "to suits against the United States." *Irwin v. Dept. of Vetran Affairs*, 498 U.S. 89, 95-96 (1990).

**C. UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States contends that, although Plaintiff filed an administrative claim with the Army pursuant to 28 U.S.C. § 2401(b), the Plaintiff failed to "present his claim within two years of the accrual of his claim and the facts in this case do not warrant application of equitable tolling to excuse plaintiff's failure to file his claim in a timely manner." Dkt. 15, at 7. The United States further argues that the Court should dismiss this case for lack of subject matter jurisdiction because the "FTCA's statute of limitations is jurisdictional." *Id.*, at 6. The United States

acknowledges that the U.S. Supreme Court has not addressed the issues of whether the FTCA's statute of limitations is jurisdictional or whether it is subject to equitable tolling. Dkt. 7-1, at 10. However, the United States asserts that the "Ninth Circuit has long held that the FCA's [sic] statute of limitations is jurisdictional," *id.*, at 11, even though the issue "has been the subject of a split by panels of the Ninth Circuit." *Id.*, at 10.

Plaintiff responds by arguing that the Court has subject matter jurisdiction because Plaintiff filed his claim with the appropriate federal agency pursuant to the FTCA, and that compliance with the FTCA's statute of limitations is not a jurisdictional requirement. Dkt. 13, at 5.

Further, Plaintiff argues that, even if the FTCA's statute of limitations is jurisdictional in nature, the Court should retain subject matter jurisdiction over Plaintiff's claim "because he filed within two years of when his claim accrued, or, in the alternative, because the statute of limitations has been equitably tolled." *Id.*, at 8. Plaintiff argues that, under the discovery rule, when a plaintiff, "who by no fault of his own," does not realize that he was injured his claim does not accrue until he knows or should know of the existence or cause of the injury. *Id.*

The Plaintiff next argues that his Due Process rights would be violated if the Court interprets the FTCA as requiring Plaintiff to file a claim before he is able to recognize his injury. *Id.*, at 18. Plaintiff argues that all of the elements "of a legitimate Due Process challenge" to the statute of limitations are met "if the Court construes the statute of limitations to unreasonably shut the courthouse doors to the Plaintiff's claim." *Id.*

Last, Plaintiff argues that the United States is equitably estopped from asserting a defense of limitations because Plaintiff alleges that the Army engaged in fraudulent and coercive actions which prevented disclosure, prosecution, and civil litigation. *Id.*, at 19.

The United States responds by stating that Plaintiff has not pled facts in his Complaint alleging how the Army negligently supervised the involved chaplains or knew of the sexual abuse. Dkt. 15, at 8. Further, the United States asserts that Plaintiff filed his administrative claim much too late because, based on the allegations in the Complaint, he waited many years after he became

an adult to file his administrative claim. *Id.* The United States does not respond to Plaintiff's Due Process argument.

Both parties assert that this Court need not decide the issue of whether the FTCA's statute of limitations is jurisdictional or whether equitable tolling applies to the FTCA. Dkt. 7-1, at 10; Dkt. 13, at 17-18. The Court agrees. No matter whether the statute of limitations is jurisdictional or not, the issue becomes moot if Plaintiff's administrative claim has been timely filed under the FTCA. If Plaintiff's cause of action accrued less than two years before he submitted his claim to the Army, then Plaintiff's claim is properly before this Court. However, if Plaintiff's cause of action accrued over two years before the claim was filed, the Court must then address whether equitable tolling is applicable under the FTCA, whether tolling is appropriate in this case, and perhaps whether the FTCA's statute of limitations is jurisdictional in nature.

Plaintiff argues that, without more discovery, it is "virtually impossible" to make a valid determination as to whether the claim has accrued. Dkt. 13, at 21-22. Plaintiff argues that mental injuries can delay the discovery of injury or causation, the two elements necessary under *Kubrick*, 444 U.S. at 123. Dkt. 13, at 13. Plaintiff states that, due to the psychological injuries he suffered as a result of the sexual abuse, he was incapable of realizing his injury or that there was a causal connection between the government's actions and his injury. *Id.*, at 9.

For support, Plaintiff points to *Simmons v. United States*, 805 F.2d 1363 (9th Cir. 1986). In *Simmons*, a woman brought suit against the government under the FTCA for injuries she sustained when her Indian health service counselor wrongfully engaged her in a sexual relationship. *Id.* at 1364. The sexual relationship lasted from 1978 to 1980. *Id.* In February of 1983, Simmons learned that her counselor's misconduct was the cause of her recent psychological problems. *Id.* Simmons subsequently filed an administrative claim, more than two years after the sexual relationship ended. *Id.* The court held that, for the purposes of the FTCA's two-year statute of limitations, Simmons's cause of action did not accrue when she first had sexual intercourse, but rather accrued when she learned for the first time that the counselor's conduct caused her emotional injury. *Id.* at 1368.

The United States responds by arguing that *Simmons* does not support Plaintiff's argument. Dkt. 15, at 7. The United States points to criticism of *Simmons* in subsequent cases, where courts point out that the court in *Simmons* misapplied Washington law. *Id.* (citing *Bodin v. Vagshenian*, 462 F.3d 481 (5th Cir. 2006); *Thompson v. Everett Clinic*, 71 Wn. App. 548 (1993)). The United States then argues that if this Court "determines that *Simmons* is not a correct application of Washington law, then it follows that an Army chaplain's sexual relationship is not within the scope of his employment." Dkt. 15, at 8.

While *Bodin* and *Thompson* do criticize the court's holding in *Simmons*, neither case addresses the accrual issue. *Bodin*, 462 F.3d at 486-87 (finding that the *Simmons* application of Washington law regarding the scope of employment has been criticized); *Thompson*, 71 Wn. App. at 553 (finding that the district court in *Simmon*s misapplied Washington's agency law). The court's statements in *Simmons* regarding the possibility that a person who has been in a sexually abusive relationship may not realize that he or she is injured until many years after the sexual act occurred still stands as relevant and precedential law. *See Simmons*, 805 F.2d at 1368.

"What [a plaintiff] knew and when [he] knew it are questions of fact." *Id.* at 1368. Too many factual issues remain unresolved for the Court to hold as a matter of law that the Plaintiff realized his injuries or the cause of his injuries more than two years before he filed his administrative claim with the Army. And where, as here, there is potential that the jurisdictional question is intertwined with the merits of the case, the court will treat the motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment under Fed. R. Civ. P. 56. *See Augustine*, 704 F.2d at 1077 (1983). Accordingly, this Court needs to determine when Plaintiff's claim accrued, and this Court cannot do so as a matter of law. The United States' Motion to Dismiss for lack of subject matter jurisdiction (Dkt. 7-1) should be denied without prejudice. The Court need not reach the merits of Plaintiff's other arguments at this time.

The parties should be allowed ninety days to investigate and conduct discovery on matters solely pertaining to the issue of when Plaintiff's claim accrued. The parties should confer and submit to the Court a discovery plan developed to facilitate this purpose forthwith and no later

than thirty days from the date of this Order. At the end of such discovery or ninety days from the date of this Order, the United States may renew its motion, if so desired.

**D. UNITED STATES' MOTION TO DISMISS PURSUANT TO THE INTENTIONAL TORT SECTION OF THE FEDERAL TORT CLAIMS ACT**

The United States asks the Court dismiss the case pursuant to 28 U.S.C. § 2680(h) because Plaintiff's action arises out of an assault. The United States asserts that the FTCA bars any claim arising out of assault, battery, false imprisonment, or false arrest, unless the perpetrator is an investigative or law enforcement officer. Dkt. 7-1, at 12. While the United States "concedes that the Ninth Circuit has held that the assault exception does not bar an FTCA claim arising out of an assault if the victim can prove the government was negligent in supervising its employees," any claim by Plaintiff alleging a sexual assault by Army personnel would be barred by the intentional tort exception to the FTCA. *Id.*, at 13 (citing *Morrill v. United States*, 821 F.2d 1426 (9th Cir. 1987); *Kearney v. United States*, 815 F.2d 535 (9th Cir. 1986); *Bennett v. United States*, 803 F.2d 1502 (9th Cir. 1986)).

Plaintiff replies that the Ninth Circuit has held that the assault exception does not bar claims if the plaintiff can prove the government was negligent in supervising its employees. Dkt. 13, at 20. Plaintiff cites *Bennett*, where the court held the following

> To construe the assault and battery exception to defeat claims based on negligence when the negligence amounts to almost reckless disregard in the hiring and placement of a known sex offender in charge of children would violate [the FTCA] by treating government different from private entities . . . .

803 F.2d at 1504.

In his Complaint, Plaintiff's claims are for negligent hiring and supervision by the Army, negligent infliction of emotional distress based on the Army's negligent hiring and supervision, equitable estoppel from asserting a defense of limitations because of fraud and concealment, and agency liability under RCW 9.68A for violation of the Sexual Exploitation of Children Act. Dkt. 1. Construing the Complaint in favor of the Plaintiff, the Plaintiff's claims should not be dismissed because the exception in section 2680(h) for tort claims "airing out of assault [or] battery" did not insulate the government from liability where its own negligence was the proximate cause of the

injury. *Bennett*, 803 F.2d at 1503. Here, Plaintiff plead sufficient facts alleging that the Army failed to investigate the backgrounds of Murphy and Beaver and that the Army failed to take action after receiving complaints about Murphy and Beaver. Dkt. 1, at 7. Therefore, to the extent the United States moves to dismiss Plaintiff's claims pursuant to the intentional tort section of the FTCA (Dkt. 7-1, at 12), the United States' motion should be denied.

## III. ORDER

Therefore, it is hereby **ORDERED**:

- The United States' Motion to Dismiss (Dkt. 7-1) is **DENIED WITHOUT PREJUDICE**;
- The parties shall **SUBMIT** a proposed discovery plan to the Court not later than thirty days from the date of this Order as described above; and
- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of March, 2007.

Robert J. Bryan
United States District Judge